IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EXONDIA SALADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-14-831-HE |
| v. | ) | |
| | ) | |
| RICKY MOHAM, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Murder in

the First Degree entered against her in the District Court of Oklahoma County, Case No. CF-

2008-7550, for which Petitioner is serving a sentence of life imprisonment without parole.

Respondent has responded to the Petition and filed the relevant state court records. Petitioner

has replied to the response. The matter has been referred to the undersigned Magistrate Judge

for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons,

it is recommended that the Petition be denied.

I. Background and Claims

Petitioner was convicted of the murder of her husband, Manuel Salado, in a jury trial

conducted in the District Court of Oklahoma County, Case No. CF-2008-7550, from March

21 to 29, 2011. Several witnesses provided testimony at Petitioner's trial, including a friend

of Petitioner's who testified Petitioner told her she had shot the victim in the chest with a

1

pistol and later burned the victim's body, a co-worker of the victim who testified that prior to his disappearance the victim expressed the belief that his wife might try to kill him, and Petitioner's former boyfriend who testified Petitioner told him she had shot her husband while he was sleeping, dismembered his body, and burned his body in the woods.

Evidence obtained from a forensic search of a computer associated with Petitioner revealed "a host of internet searches on suspicious topics, including disembowelment, spousal murder, abduction, and an actual downloaded article entitled 'Butchering the Human Body for Human Consumption.'" Response (Doc. # 11), Ex. 3 (Opinion), at 8. Finally, DNA evidence obtained from Petitioner's vehicle provided crucial evidence that "a biological child of [the victim's] mother" had been in the van, and investigators testified that the van had "very wet carpet and a strong odor associated with cleaning products." Id. at 9.

In a 28-page, unpublished opinion issued October 16, 2012, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction and sentence. Petitioner filed an application for post-conviction relief in the district court on November 8, 2013. The district court denied the application, and the OCCA affirmed this decision in an order entered June 6, 2014. The OCCA found that Petitioner had waived judicial review of all of her claims except for her claim of ineffective assistance of appellate counsel because the claims either were raised or could have been raised in her direct appeal. Following the standard established in Strickland v. Washington, 466 U.S. 668 (1984), for reviewing claims of ineffective assistance of counsel, the OCCA found that Petitioner had not demonstrated that her appellate counsel provided constitutionally ineffective assistance.

Petitioner now asserts the following claims for habeas relief:

(1) "October 17, 2007 warrant [was a] constitutionally impermissible general warrant,"

(2) "Warrantless seizure of Gateway and Hewlett Packard computers and storage media was unlawful and unjustified,"

(3) "Prosecutorial misconduct violated Petitioner's rights to due process, speedy trial, fair trial, freedom from unreasonable search and seizure, and failed to comply with trial court's discovery order,"

(4) "Petitioner's right to speedy trial [was] violated,"

(5) Ineffective assistance of trial counsel, and

(6) Ineffective assistance of appellate counsel.

II. Standard of Review of Constitutional Claims

Under the AEDPA, a federal court cannot grant habeas relief with respect to a claim of a constitutional deprivation raised by a state prisoner that was adjudicated on its merits in state court proceedings unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

3

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(per curiam)(citations omitted). See Cullen v. Pinholster, 563 U.S. __, 131 S.Ct. 1388 (2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Further, state-court findings of fact are presumed correct and entitled to deference, unless the petitioner overcomes the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner raised grounds one, two, and four in her direct appeal. She raised the remaining grounds for relief in her post-conviction proceeding.

III. Stone v. Powell Preclusion Rule for Fourth Amendment Issues

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court addressed the issue of whether, in a federal habeas proceeding, state prisoners may assert a violation of the Fourth Amendment with respect to seized evidence introduced at a trial. The Court reasoned that the "[e]vidence obtained by police officers in violation of the Fourth Amendment is excluded at

4

trial in the hope that the frequency of future violations will decrease." <u>Id.</u> at 492. The purpose of this exclusionary rule is "to discourage law enforcement officials from violating the Fourth Amendment by removing the incentive to disregard it." <u>Id.</u> This goal would not be enhanced, the Court found, "if there were the further risk that a conviction obtained in state court and affirmed on direct review might be overturned in collateral proceedings often occurring years after the incarceration of the defendant." <u>Id.</u> at 492-493.

Further, the Supreme Court found in <u>Stone</u> that any benefit from allowing habeas review of a search-and-seizure claim would be outweighed by the costs to other values promoted by the criminal justice system. <u>Id.</u> at 493-494. Thus, the Court concluded that where a State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," a state prisoner may not obtain habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. <u>Id.</u> at 494.

Considering all of the circumstances present herein, the record shows that Petitioner was given an opportunity for full and fair consideration of her Fourth Amendment claims prior to trial and on appeal.

In ground one of the Petition, Petitioner asserts that a search warrant issued and executed on October 17, 2007, was a "constitutionally impermissible general warrant" that was "overbroad and deficient" and did not specify the items to be seized. In ground two, Petitioner asserts that the "[w]arrantless seizure of Gateway and Hewlett Packard computers and storage media [during the execution of the initial October 17, 2007 warrant] was unlawful and unjustified" because the two computers were not listed on the warrant or supporting

affidavit. In both of these claims, Petitioner contends that the admission of evidence obtained as a result of the October 2007 search violated her Fourth Amendment rights. Further, Petitioner contends that the "illegal seizure" of the computers and storage media pursuant to the invalid October 17, 2007 warrant "tainted the probable cause of the January 22, 2008 and the February 23, 2010 warrants issued to authorize a forensic search of the computers and storage media. . . ." Petitioner's Brief, at 12. Petitioner raised these same claims in her direct appeal.

As a side note, Petitioner contends that her second ground for relief asserted in the Petition was not raised in her direct appeal due to ineffective assistance of appellate counsel. However, the claim Petitioner asserts in ground two is not distinguishable from the Fourth Amendment claims she presented in her direct appeal. Petitioner asserted in her direct appeal that the initial search warrant issued on October 17, 2007, was invalid because it lacked the requisite particularity regarding the items to be seized and therefore evidence obtained as a result of the search should have been suppressed, an argument that necessarily encompassed the computers seized as a result of the execution of this warrant. Response, Ex. 1, at 11-16.

In her post-conviction application, Petitioner argued, as she did in her direct appeal, that the October 17, 2007 search warrant was a constitutionally impermissible general warrant that "lacked the requisite particularity required by the Federal and the State constitutions." Response, Ex. 4, at 1. In a separate claim, Petitioner merely re-worded her previous claim by arguing that the "[w]arrantless seizure of Gateway and Hewlett Packard computers and storage media was unlawful and exceeded the scope of the October 17, 2007 search warrant."

6

Id. at 4.

In the OCCA's opinion issued in her post-conviction appeal, the OCCA found that with these grounds for relief Petitioner had raised the same Fourth Amendment claims she had previously raised in her direct appeal and those claims were barred from judicial review under the doctrine of *res judicata*. Response, Ex. 7, at 2-3. The OCCA also found that to the extent Petitioner was asserting her appellate counsel was ineffective because her appellate counsel inadequately raised the Fourth Amendment claims she had not demonstrated that her appellate counsel provided constitutionally ineffective assistance of counsel.

It is clear from the record that Petitioner raised the same Fourth Amendment claims in pretrial motions and in her direct appeal as she asserts in grounds one and two of her Petition, and that the district court and appellate court reviewed the merits of those claims. Hence, it is not necessary to address Petitioner's assertion that she was denied effective assistance of appellate counsel in connection with her first and second grounds for habeas relief.

Prior to her trial, Petitioner filed a motion to suppress the evidence obtained as a result of a search of her apartment, which related to the initial October 17, 2007 warrant and included the computers seized from her apartment. In the same motion to suppress, Petitioner sought to suppress the evidence obtained as a result of a forensic search of the computers found in her apartment, which related to the second warrant issued January 22, 2008.

In a hearing conducted on February 19, 2010, the trial court suppressed evidence obtained only as a result of the execution of the second search warrant issued January 22, 2008, and found that the ruling rendered moot the motion with respect to the evidence

obtained in the search of Petitioner's apartment under the initial October 17, 2007 warrant.

Petitioner subsequently filed a second motion to suppress in which Petitioner argued that the first search warrant issued October 17, 2007, and a third search warrant issued on February 23, 2010, were invalid. The trial court found that the initial search warrant was not "overly broad" and that "there was a sufficient nexus between the property seized and the defendant," and overruled the motion. Transcript from proceedings had on the 4th day of February 2011 before the Honorable Donald L. Deason, at 6. Petitioner reasserted the Fourth Amendment claims raised in her second motions to suppress at trial, and the district court upheld its previous rulings. Response, Ex. 8 (Volume I, Transcript of proceedings had on the 21st day of March, 2011 before the Honorable Donald L. Deason), at 9.

With respect to the February 23, 2010 warrant, the trial court found the warrant stated probable cause and that "the facts and reasons for issuance of that search warrant [we]re independent of the initial illegality which led me to sustain a motion to suppress approximately a year ago." Id. at 8.

In her appeal, Petitioner contended that the initial October 17, 2007 warrant for the search of her apartment was overbroad and deficient in describing the places to be searched and the items to be seized, as required by the Fourth Amendment. Petitioner also contended in her appeal that (1) both the January 22, 2008 warrant and the February 23, 2010 warrant lacked probable cause to support a search of the computers and (2) the February 23, 2010 warrant was tainted by the original unlawful search under the January 22, 2008 warrant, and therefore the items seized as a result of the third warrant should have been suppressed.

8

Response, Ex .1, at 11-24. Petitioner has asserted the same claims in her Petition.

The OCCA made copious factual findings in its decision in Petitioner's direct appeal and specifically addressed the merits of each of Petitioner's eight grounds for reversal of the conviction and sentence. Petitioner has not presented clear and convincing evidence sufficient to overcome the presumptively correct factual findings that appear in the OCCA's decision. 28 U.S.C. § 2254(e)(1).

In connection with her Fourth Amendment claims raised on appeal, the following factual findings made by the OCCA are presumed correct:

> The [Petitioner's] computer was initially seized pursuant to a warrant issued for [her] apartment. A second warrant, issued on January 22, 2008, authorized a forensic examination of the computer's contents. This search produced evidence of the incriminating internet search activity of the computer's user, as well as evidence linking [Petitioner] to the computer. The evidence in question, which [Petitioner] concedes is highly incriminating, included various computer searches concerning spousal murder, disposal of bodies, dismemberment, and similar topics, all obtained from a computer circumstantially linked to [Petitioner] as the principal user.
> In a subsequent pre-trial hearing on [Petitioner's] motion to suppress, the trial court rejected a Fourth Amendment challenge to the initial seizure of the computer from [Petitioner's] apartment, but found that the investigator's affidavit for the January 22, 2008, search warrant failed to set forth sufficient probable cause to support the warrant, and ruled the resulting evidence inadmissible. The State initiated an appeal of this ruling, but failed to perfect it and the appeal was subsequently dismissed. However, on February 23, 2010, the State sought and obtained a new warrant to search the computer seized from [Petitioner's] apartment. The district court later overruled [Petitioner's] challenges to this third search warrant and admitted evidence of the incriminating internet search activity obtained from this computer at trial. [Petitioner] renews her challenges to

the admission of this evidence on direct appeal.

Response (Doc. #11), Ex. 3 (Opinion), at 9-10 (footnote omitted).

The OCCA rejected Petitioner's claims of a Fourth Amendment violation, finding that:

> The record before us reflects that the searches conducted here were undertaken after investigators presented affidavits for search warrants to neutral judicial officers and received authorization to conduct the searches. Although the district court subsequently determined that one of the warrants lacked probable cause and suppressed the evidence, the State obtained another warrant based upon a proper showing of probable cause and seized the same evidence. Just as we did in *Sittingdown*, the Court finds "no evidence of police misconduct or unlawful conduct" in the officers' attempts to procure these warrants, and concludes that the searches and seizures "were conducted in objectively reasonable reliance" on warrants issued by three different judges. Because the officers "acted as reasonable officers would and should act in similar circumstances," we will not apply the exclusionary rule to suppress relevant evidence under these circumstances.

Response, Ex. 3, at 12-13 (footnotes and citation omitted). The OCCA explained that it was "declin[ing] to apply the exclusionary rule under the 'good faith' exception of *United States v. Leon*, 468 U.S. 897 [ ] (1984), with respect to the first warrant, and therefore "a review of the district court's determination that the second warrant lacked probable cause is unnecessary to the disposition" of the appeal. Id. at 12 n. 3.

Petitioner had a full and fair opportunity to litigate her Fourth Amendment claims at trial and on direct appeal, and the trial and appellate courts applied relevant legal authority in reviewing those claims. To the extent Petitioner has alleged that her appellate counsel did not adequately raise her Fourth Amendment claims in her direct appeal, the OCCA addressed the

merits of this claim, and Petitioner had yet another full and fair opportunity to litigate her Fourth Amendment claims in her post-conviction proceeding. Therefore, habeas review of her Fourth Amendment claims asserted in grounds one and two of the Petition is not available under Stone's preclusionary rule. Stone, 428 U.S. at 494-95.

IV. Prosecutorial Misconduct

Petitioner contends that her rights were violated by delays in her trial caused by (1) the prosecution's "frivolous" interlocutory appeal of the trial court's order of suppression of the January 22, 2008 search warrant, (2) the prosecution's failure to file the February 23, 2010 search warrant and underlying affidavit until November 29, 2010, "over nine (9) months after its execution," (3) the prosecution's "undue delay" until December 27, 2010, in notifying Petitioner and her counsel of "additional evidence" obtained during the execution of the February 23, 2010 search warrant, (4) the prosecution's "failure to give Notice of Intent, at the July 8, 2010, pretrial hearing, to use the EXACT SAME computer evidence that was suppressed under the January 22, 2008 warrant by the trial court," and (5) the "prosecution's request for a continuance of the trial on December 27, 2010." Petitioner's Brief in Support, at 17-19.

Petitioner raised the same prosecutorial misconduct claim for the first time in her post-conviction proceeding. Relying on the appellate court's well-established procedural bar rule, the OCCA found that this claim was procedurally barred from review because Petitioner had not raised the claim in her direct appeal. The OCCA's procedural bar rule applied in Petitioner's post-conviction appeal was an independent and adequate state ground for the

11

court's decision. <u>Ellis v. Hargett</u>, 302 F.3d 1182, 1186 (10th Cir. 2002). Thus, her procedurally-defaulted prosecutorial misconduct claim is also barred from federal habeas review unless Petitioner shows cause for her procedural default and actual prejudice or, alternatively, a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

Giving a generous reading to the Petition, Petitioner asserts that ineffective assistance of appellate counsel provides cause for her procedural default. To warrant habeas relief concerning her allegation of ineffective assistance of appellate counsel, Petitioner must satisfy both prongs of the test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); that is, she must show that her attorney's representation fell below an objective standard of reasonableness and that her appellate counsel's errors prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687.

"Judicial scrutiny of the adequacy of attorney performance must be strongly deferential: '[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" <u>United States v. Blackwell</u>, 127 F.3d 947, 955 (10th Cir. 1997)(quoting <u>Strickland</u>, 466 U.S. at 689). "Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the error." <u>Id.</u> Accord, <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986); <u>Strickland</u>, 466 U.S. at 689.

Prejudice, under the second prong, is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The Sixth Amendment "does not require an attorney to raise every nonfrivolous issue on appeal." Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995)(citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). "It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable claims and pursue issues on appeal which are more likely to succeed." Jackson v. Shanks, 143 F.3d 1313, 1321 (10th Cir. 1998). "If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance." Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).

To succeed on a claim of prosecutorial misconduct, a petitioner must show that the prosecutor's conduct rendered the trial fundamentally unfair. Short v. Simmons, 472 F.3d 117, 1195 (10th Cir. 2006)(citing Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974)). This determination is made "only after considering all of the surrounding circumstances, including the strength of the state's case." Malicoat v. Mullin, 426 F.3d 1241, 1255 (10th Cir. 2005).

Petitioner raised a claim of ineffective assistance of appellate counsel in her post-conviction proceeding based on her appellate counsel's failure to assert a claim of prosecutorial misconduct in the direct appeal. In her post-conviction appeal, the OCCA applied Strickland's two-part test for evaluating claims of ineffective assistance of counsel. The court found that Petitioner failed to establish that her appellate counsel's performance

was deficient or objectively unreasonable and that Petitioner had failed to establish any resulting prejudice. Response, Ex. 7, at 3-5.

Petitioner has not demonstrated that the OCCA's decision rejecting her claim of ineffective assistance of appellate counsel based on her underlying prosecutorial misconduct claim was contrary to or an unreasonable application of Strickland's controlling standard. Petitioner's allegations that the prosecution purposely delayed her trial are conclusory and unsupported. The OCCA found that the prosecution undertook a statutorily-permitted interlocutory appeal following the suppression of the January 22, 2008 warrant, and this factual finding is presumed correct. As the OCCA found, this appeal required a stay of the proceedings under Oklahoma law.

In June 2010, the OCCA entered an Order Dismissing Appeal with respect to the prosecution's attempt to appeal of the trial court's suppression ruling. In this Order, the OCCA found that the prosecution had failed to comply with the court's procedural rules by failing to file a petition in error within 90 days of the date of the February 19, 2010 notice of intent to appeal. The OCCA's Order Dismissing Appeal was filed in the trial court's docket in Petitioner's criminal case on June 18, 2010. Original Record, at 186. The prosecution's attempted appeal and resulting stay were allowed by statute, see Okla. Stat. tit. 22, § 1053, and do not create any inference of purposeful delay.

During a hearing on the Petitioner's Motion to Dismiss for Lack of Speedy Trial, Petitioner's counsel stated to the court that in June 2010, after the stay was lifted because of the OCCA's order dismissing the prosecution's attempted appeal, a new trial date in January

14

2011 was set by the agreement of the parties. <u>See</u> Transcript of proceedings had on the 4th day of February, 2011 before the Honorable Donald L. Deason, at 14. Petitioner stated in her brief submitted in her direct appeal that the parties agreed on July 8, 2010, to set a trial date of January 10, 2011. Response, Ex. 1 (Brief of Appellant), at 25. Petitioner has not shown that the prosecution acted to purposefully delay her trial in connection with the mutually agreed re-setting of the trial, or how her trial was rendered fundamentally unfair.

The search warrant issued on February 23, 2010, was filed in the Court Clerk's office on November 29, 2010.[1] Petitioner has provided no evidence indicating that this nine-month interval, although lengthy, was the result of an improper motive by the prosecution to delay the trial, which at that time was not scheduled to begin until January 2011. Petitioner has not shown that the prosecution acted to purposefully delay her trial, or how her trial was rendered fundamentally unfair.

Petitioner asserts that she and her counsel were not notified "until December 27, 2010 . . . of 'additional evidence' that was 're-discovered' and 're-seized' during a second search of the two (2) computers and storage media." Petitioner provides no evidentiary support for this assertion other than a general reference to arguments appearing in her Motion to Dismiss for Lack of Speedy Trial and her appellant's brief. Petitioner's trial counsel agreed to another continuance of the trial in January 2011. Response, Ex. 1 (Brief of Appellant), at 26. The

---

[1]A warrant and affidavit in support of the warrant bear file-stamp dates indicating they were filed in the Oklahoma County Court Clerk's office on November 29, 2010. Original Record, at 319-322.

trial commenced in March 2011, three months after Petitioner allegedly became aware of the "additional evidence" obtained as a result of the forensic search of her computers. Petitioner has not shown that the prosecution acted to purposefully delay her trial, or how her trial was rendered fundamentally unfair.

Petitioner's allegation that the prosecutor "fail[ed] to give Notice of Intent, at the July 8, 2010, pretrial hearing, to use the EXACT SAME computer evidence that was suppressed under the January 22, 2008 warrant by the trial court" is just as vague as the previous allegation, and it also does not indicate any motive to delay the trial. Petitioner has not shown that the OCCA's decision with respect to her ineffective assistance of appellate counsel claim was contrary to or an unreasonable application of the <u>Strickland</u> standard, and she has not shown cause for her procedural default of her prosecutorial misconduct claim.

Petitioner may be asserting that this Court's failure to review the merits of her defaulted claim would result in a fundamental miscarriage of justice. This exception to the procedural default doctrine applies only in cases where the habeas petitioner can show that the claimed errors "'probably resulted in the conviction of one who was actually innocent.'" <u>Sellers v. Ward</u>, 135 F.3d 1333, 1338 (10th Cir. 1998)(quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)(internal quotations omitted)). <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993)("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.").

Considering the factual findings made by the OCCA in Petitioner's direct appeal, substantial evidence of Petitioner's guilt was presented at her trial. Petitioner has made no

effort to demonstrate that she was actually innocent. Petitioner cannot show a fundamental miscarriage of justice. Hence, federal habeas review of her underlying claim of prosecutorial misconduct is barred due to her procedural default and failure to demonstrate cause and prejudice or a fundamental miscarriage of justice.

V. Speedy Trial

In her fourth ground for habeas relief, Petitioner asserts that delays in the commencement of her trial violated her Sixth Amendment right to a speedy trial. Petitioner raised this claim in her direct appeal. The OCCA made lengthy factual findings with respect to this claim. Following governing Supreme Court jurisprudence, the court determined that Petitioner's speedy trial rights were not violated. To obtain federal habeas relief concerning this same claim, Petitioner must show that the OCCA's decision was contrary to or an unreasonable application of Supreme Court jurisprudence, which, as to this claim, is set forth in Barker v. Wingo, 507 U.S. 514 (1972).

Petitioner does not address the limited standard set forth in 28 U.S.C. § 2254(d) for review of her habeas Petition. Petitioner merely argues that the factors to be considered under Barker weighed in her favor, the delay in the commencement of her trial prejudiced her, and her "arguments clearly show that the prosecution deliberately denied Petitioner a speedy trial." Petitioner's Brief in Support, at 22.

Before trial, Petitioner's counsel moved to dismiss the charge on the basis of a violation of her speedy trial rights. A hearing was conducted on the motion in the district court on February 4, 2011. See Transcript of proceedings had on the 4th day of February, 2011

before the Honorable Donald L. Deason.  After hearing the arguments of counsel, the trial court denied the motion, finding that "a review of the record in this matter makes it amply clear that the large part or the largest number of continuances were, in fact, agreed to by the parties.  I note your argument that there were some matters that were not, Mr. Benedict, but I don't think it raises any constitutional error in this matter, and I can't find sufficient prejudice." Id. at 17.

In rejecting Petitioner's speedy trial claim in her direct appeal, the OCCA applied the Supreme Court's four-part test established in Barker, 507 U.S. at 530, and made factual findings in relation to those factors.  First, the OCCA found that "[t]he entire length of delay in this case, from the arrest on January 6, 2009, to the commencement of trial on March 21, 2011, is two (2) years, two (2) months, and fifteen (15) days." Response, Ex. 3, at 13.

Next, the court found that "[t]he case was initially set for trial on February 22, 2010, just thirteen (13) months after [Petitioner's] arrest.  This trial setting was continued, over [Petitioner's] objection, to permit the State's appeal of the trial court's ruling on [Petitioner's] motion to suppress evidence." Id. at 14.  The OCCA found that this period of delay "occasioned by operation of law [w]as reasonable and not tending to violate [Petitioner's] rights." Id. at 15.

The court also found that "[i]n early July, 2010, the district court set this case for trial on January 10, 2011.  The record provides no indication that [Petitioner] sought an earlier setting, and no indication that an earlier setting would have been available had it been demanded." Id. at 15.  The OCCA found that this period of delay "from July, 2010 to the

January, 2011, trial setting [was] a presumptively reasonable period of delay." Id.

The court further found that "[t]he State apparently requested a continuance of the January, 2011, trial date due to its inability to communicate with a witness. [Petitioner] admits that defense counsel 'acquiesce[d] in the continuance,' but now states that defense counsel had 'no choice' but to do so, because counsel had 'just learned that an FBI agent had evaluated the computer and had not received a report from that agent.'" Id. The court found that "[o]n January 3, 2011, the district court set the trial for March 31, 2011, and trial commenced at that time with both parties announcing ready." Id. at 16.

Finally, the OCCA found Petitioner had not suffered prejudice as a result of any delay. The court reasoned that

> [f]irst, the State had the right to appeal the trial court's ruling on the motion to suppress; it commenced that appeal in a timely fashion; and a stay of the February, 2010, trial date was mandatory. Second, the State had the right to request a new warrant to search the computer based upon a proper showing of probable cause; and it promptly did so, within two weeks after the district court held the first warrant invalid and suppressed the evidence. This was during the pendency of the State's appeal, and the State likely would have had access to the incriminating computer evidence at any eventual trial because of its diligent efforts to obtain it. Third, the Court's holding in *State v. Sittingdown* shows that the district court's order suppressing this evidence would have been reversed on appeal due to the good faith exception to the exclusionary rule, and the evidence would have been admitted at trial in any event. [Petitioner] has not shown any unfair prejudice to her defense as a result of the delay in her case.

Id. at 17-18.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall

enjoy the right to a speedy . . . trial." In <u>Barker</u>, the Court determined that the issue of whether a defendant's right to speedy trial was violated requires consideration of four factors, including the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." <u>Barker</u>, 407 U.S. at 530.

In considering the second factor, the reason for the delay, the Court explained in <u>Barker</u> that "different weights should be assigned to different reasons." <u>Id.</u> at 531. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," while "[a] more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." <u>Id.</u>

In considering the fourth factor, prejudice to the defendant, the Court explained in <u>Barker</u> that the speedy trial right is designed to protect three interests of defendants, including "to prevent oppressive pretrial incarceration," " to minimize anxiety and concern of the accused," and, the most important interest, "to limit the possibility that the defense will be impaired." <u>Id.</u> at 532.

As the OCCA found in Petitioner's direct appeal, "[t]he entire length of delay in this case, from the arrest on January 6, 2009, to the commencement of trial on March 21, 2011, is two (2) years, two (2) months, and fifteen (15) days." Response, Ex. 3, at 13. During that time period, Petitioner agreed to continuances of the trial, and she did not assert her right to

speedy trial until February 19, 2010. <u>See</u> Transcript of proceedings had on the 19th day of February, 2010 before the Honorable Donald L. Deason, at 48. On that date, during a hearing on Petitioner's first motion to suppress, the trial court granted the motion and determined that the State had a statutory right to appeal the suppression ruling, and that the statute required the case to be stayed pending the OCCA's ruling on the State's interlocutory appeal. Following the OCCA's entry of an Order of Dismissal in the interlocutory appeal due to the prosecution's failure to comply with the appellate court's procedural rules, the parties agreed to a trial date in January 2011. The parties later agreed to continue the trial until March 2011, when the trial commenced. If anything, the State was responsible for only a five month delay in Petitioner's trial, between February 2010 and July 2010, due to the State's negligent failure to properly prosecute its interlocutory appeal.

While the first factor in <u>Barker</u>, the 26 ½ month delay, weighs in Petitioner's favor, the remaining factors do not. Although Petitioner suggests that she was prejudiced by the delay in the commencement of her trial, her arguments do not present specific instances of actual prejudice, such as unavailable witnesses, flowing from any delay. Petitioner has not demonstrated that the OCCA's rejection of her speedy trial claim was contrary to or an unreasonable application of the governing <u>Barker</u> standard. Consequently, she is not entitled to habeas relief concerning this claim.

## VI. <u>Ineffective Assistance of Trial Counsel</u>

Petitioner contends in her fifth ground for habeas relief that she was denied her Sixth Amendment right to the effective assistance of trial counsel. Petitioner asserted this Sixth

Amendment claim for the first time in her post-conviction application. She asserted that her appellate counsel had failed to raise the claim, and because of this failure she was denied effective assistance of appellate counsel. The OCCA found that Petitioner had defaulted her ineffective assistance of trial counsel claim by failing to assert it in her direct appeal. Recognizing that Petitioner asserted a separate ineffective assistance of appellate counsel claim based, in part, on her appellate counsel's failure to raise a claim of ineffective assistance of trial counsel, and applying the governing Strickland standard, the OCCA rejected her claim of ineffective assistance of appellate counsel based on her underlying claims, including her defaulted claim of ineffective assistance of trial counsel. Response, Ex. 7, at 5.

Pursuant to the Supreme Court's decision in Coleman, 501 U.S. at 750, "federal habeas review . . . is barred" in any case "in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule[,] . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

It is well-established law that the OCCA's procedural bar rule for issues not raised on direct appeal is independent of federal law. With respect to the issue of the adequacy of the court's procedural bar rule, "[t]he Oklahoma requirement that a claim of ineffective assistance of trial counsel be raised on direct appeal is an adequate ground for procedural default if (1) the defendant's counsel on direct appeal [wa]s different from trial counsel and (2) the claim [ ] c[ould have] be[en] resolved on the trial record alone." Welch v. Workman, 639 F.3d

980, 1012 (10th Cir. 2011).

In this case, Petitioner was represented by different counsel on appeal, and her ineffective assistance claims could be resolved on the trial record alone. Thus, Petitioner's claim of ineffective assistance of trial counsel is procedurally barred from federal habeas review unless she demonstrates cause and prejudice or a fundamental miscarriage of justice.

Petitioner alleges that her appellate counsel provided ineffective assistance by failing to assert "the issue of ineffective assistance which is clear from the record . . . ." Petition, att. 1, at 9 (ECF page number 10). Generously construing the Petition, Petitioner is asserting that she has shown cause for her procedural default due to ineffective assistance of appellate counsel. Applying <u>Strickland</u>'s two-part test, the OCCA found in Petitioner's post-conviction proceeding that Petitioner had not shown she was denied effective assistance of appellate counsel.

Petitioner makes only conclusory assertions that her appellate counsel should have made different or better arguments in her direct appeal. Petitioner's appellate counsel filed a voluminous 50-page brief in Petitioner's appeal, asserting eight grounds for reversal of her conviction and sentence. With respect to the alleged deficiencies in appellate counsel's arguments concerning the search-and-seizure and speedy trial claims, Petitioner is asserting only that her appellate counsel should have presented different theories in support of these claims. But the selection of one theory over another in presenting an appeal is "exactly the type of strategic decision the Supreme Court and th[e Tenth Circuit] have held is not ineffective assistance of counsel." <u>Young v. Sirmons</u>, 486 F.3d 655, 682 (10th Cir. 2007).

23

With respect to Petitioner's underlying ineffective assistance of trial counsel claim, Petitioner's two court-appointed defense attorneys filed and argued multiple motions to suppress, one of which resulted in the suppression of very incriminating evidence gleaned from a search of Petitioner's computer, filed and presented a successful motion in limine to prohibit the introduction of evidence of her bad character, filed and argued a motion to dismiss the charge due to a violation of her right to speedy trial, and provided zealous representation of Petitioner throughout her seven-day trial, including presenting two witnesses for the defense. Further, Petitioner cannot show prejudice as there is no reasonable possibility that the result of her direct appeal would have been any different had her appellate counsel made different arguments than those eight claims asserted in the appeal.

Petitioner has not shown that the OCCA's decision was contrary to or an unreasonable application of the Supreme Court's governing <u>Strickland</u> standard. Therefore, Petitioner has not shown cause for her procedural default of her claim of ineffective assistance of trial counsel. To the extent Petitioner is asserting that her procedural default should be excused due to the existence of a fundamental miscarriage of justice, as previously found, Petitioner has not demonstrated a fundamental miscarriage of justice.

## VII. <u>Ineffective Assistance of Appellate Counsel</u>

In her last ground for habeas relief, Petitioner asserts a claim of denial of her Sixth Amendment right to effective assistance of appellate counsel. In support of this claim, Petitioner asserts that her appellate counsel failed to raise or inadequately raised her first through fifth grounds for habeas relief. Petitioner raised this claim in her post-conviction

application, and the OCCA rejected it, finding that Petitioner had not demonstrated that her appellate counsel provided constitutional ineffective assistance under the controlling Strickland standard. Petitioner has made no effort to show how the OCCA's decision was contrary to or an unreasonable application of the Supreme Court's decision in Strickland.

As previously found, Petitioner makes only conclusory assertions that her appellate counsel should have made different or better arguments in her direct appeal. Petitioner's appellate counsel filed a voluminous, 50-page brief in Petitioner's appeal, asserting eight grounds for reversal of her conviction and sentence. Appellate counsel succinctly argued the Fourth Amendment and speedy trial claims that Petitioner re-urges herein, and Petitioner has neither shown deficient performance or prejudice with respect to her claim of ineffective assistance of trial counsel, and therefore, her appellate counsel could not have provided ineffective assistance by failing to assert this meritless claim. Finally, Petitioner's underlying prosecutorial misconduct claim is meritless, as previously found, and therefore her appellate counsel could not have provided ineffective assistance by failing to assert this claim. Because Petitioner has not demonstrated that the OCCA's rejection of her ineffective assistance of appellate counsel claim was contrary to or an unreasonable application of Strickland's controlling authority, she is not entitled to habeas relief concerning this claim.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this

Court by __May 18th__, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___27th___ day of ___April___, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE